IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.  Criminal Action No. 3:21cr104

JAY BERNARD RIVERS,
       Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on the government's motion to admit former witness testimony, (ECF No. 42), and the defendant's, Jay Bernard Rivers, motion to dismiss the indictment, (ECF No. 44). On November 8, 2022, the Court held a hearing on these motions. For the reasons stated from the bench, the Court will grant the government's motion, (ECF No. 42). At the hearing, the Court indicated that it would address Rivers's motion to dismiss the indictment in an accompanying Opinion. Accordingly, for the reasons stated below, the Court will deny Rivers's motion to dismiss the indictment. (ECF No. 44.)

## I. BACKGROUND

On September 17, 2019, Rivers testified before a grand jury about "Operation Homeless," which is the same scheme for which a jury convicted Rivers in 2016.[1] In that

---

[1] On August 23, 2016, Judge Spencer sentenced Rivers to 87 months' imprisonment after a jury found him guilty of conspiracy to commit bank fraud, bank fraud, aggravated identity theft, and theft of U.S. mail (the "Operation Homeless" scheme). (Criminal Action No. 3:15cr164, ECF No. 54.)

On May 3, 2021, this Court granted Rivers's § 2255 motion in part and vacated Rivers's sentence because Judge Spencer did not specify his reasons for the sentence. During resentencing, the government moved the Court to vary upward because Rivers perjured himself before a grand jury in 2019. after his 2016 sentencing. The Court denied the motion and resentenced Rivers to the same term of 87 months' imprisonment on August 16, 2021. Rivers appealed the Court's judgment on August 28, 2022. Rivers completed his term of imprisonment and had begun serving his three-year term of supervised release when the Fourth Circuit vacated

scheme, Rivers and his Atlanta-based co-conspirators stole business checks from commercial mailboxes, manufactured counterfeit checks based on the stolen checks, and enlisted homeless and indigent individuals to cash the checks at banks in major cities. The enlisted individuals received some of the fraud proceeds for their troubles while Rivers and his co-conspirators pocketed the rest.

The September 2019 grand jury proceedings concerned two other people allegedly involved in the Operation Homeless scheme. During the proceedings, Rivers denied his own involvement in the scheme. Based on these denials, a grand jury charged Rivers with four counts of perjury on September 8, 2021. Rivers then made his initial appearance before Magistrate Judge Mark R. Colombell on October 27, 2021.

## II. DISCUSSION

### A. The Government's Pre-Indictment Delay

First, Rivers asserts that the Court should dismiss the indictment due to the government's pre-indictment delay. Courts in the Fourth Circuit conduct a two-step inquiry in assessing whether a pre-indictment delay infringes upon a defendant's Fifth Amendment due process rights. "First, [courts] ask whether the defendant has satisfied his burden of proving 'actual prejudice.' . . . Second, if that threshold requirement is met, [courts] consider the government's reasons for the delay, 'balancing the prejudice to the defendant with the Government's justification for delay.'" *United States v. Uribe-Rios*, 558 F.3d 347, 358 (4th Cir. 2009) (quoting *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 403 (4th Cir. 1985)). Courts determine "whether the Government's action in prosecuting after substantial delay violates fundamental conceptions of justice or the community's sense of fair play and decency."

---

and remanded the portion of the Court's judgment that ordered Rivers to pay restitution. On November 29, 2022, the mandate from the Fourth Circuit's judgment issued.

*Automated Med. Labs., Inc.*, 770 F.2d at 404 (quoting *United States v. Lovasco*, 431 U.S. 783, 790 (1977)). And if the pre-indictment delay "results from a protracted investigation that was nevertheless conducted in good faith, the Supreme Court has held that 'to prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time.'" *Uribe-Rios*, 558 F.3d at 358 (quoting *Lovasco*, 431 U.S. at 796).

Rivers thus bears a high burden in asserting his Fifth Amendment due process claim. Rivers argues that although the government knew that Rivers allegedly falsely testified in 2019, it chose to wait nearly two years prosecute him for perjury. He asserts that this delay "severely" prejudices him "because he now faces the prospect of not being able to cross-examine the key witness, [Andre Alexander], against him in the trial of this action," and "the jury will not be able to observe the demeanor of the witness on the stand." (ECF No. 45, at 4.) But Rivers has not shown that, but for the delay, the government would have been able to call Alexander as a witness in this matter. Indeed, Alexander's whereabouts have been unknown since 2016. More importantly, Rivers's prior counsel cross-examined Alexander during Rivers's 2016 trial. (*See* Criminal Action No. 3:15cr164, Trial Tr. 167–95, May 10, 2016.)

Because a jury would have the chance to hear Rivers's prior counsel's cross-examination of Alexander, the Court finds that Rivers does not suffer "actual prejudice," and he thus fails to meet the first prong articulated in *Uribe-Rios*. *See* 558 F.3d at 358. But even assuming that Rivers satisfied this first element, the government adequately justifies the pre-indictment delay, and the record indicates that the government conducted its protracted investigation in good faith. The government explains that "[d]uring a substantial part of the time between Rivers's alleged perjury and the return of the indictment, a world-wide pandemic brought court and law

3

enforcement activities to a near stand-still." (ECF No. 47, at 5–6.) It also details that "the case agent initially working this matter went on extended military duty for training," and the agent that replaced him, Stefan Hinds, "had to get up-to-speed on this matter while simultaneously working other cases." (*Id.* at 6.) Because Hinds took on this case early in the COVID-19 pandemic, the delay here "results from a protracted investigation that was nevertheless conducted in good faith." *See Uribe-Rios*, 558 F.3d at 358. The Court therefore finds that the pre-indictment delay did not infringe upon Rivers's Fifth Amendment due process rights.

### B. The Court's Postponement of Rivers's Trial

Second, Rivers argues that the Court should dismiss the indictment because the Speedy Trial Act proscribes the prosecution of this matter. "The Speedy Trial Act requires that a criminal defendant's trial 'commence within seventy days from the filing date . . . of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.'" *United States v. Velasquez*, 52 F.4th 133, 136 (4th Cir. 2022) (quoting 18 U.S.C. § 3161(c)(1)). But Congress recognized that, in some cases, "there are valid reasons for greater delay," and the Speedy Trial Act therefore "includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *Id.* (quoting *Zedner v. United States*, 547 U.S. 489, 497 (2006)).

Relevant here, courts shall exclude any "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." 18 U.S.C. § 3161(h)(1)(A). Courts shall also exclude "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *Id.* § 3161(h)(1)(D). Additionally, 18 U.S.C. § 3161(h)(7), the "ends-of justice" exclusion, provides that, if a district court finds "'that the ends of justice served

4

by the granting of [a] continuance outweigh the best interests of the public and the defendant in a speedy trial,' [the district court] can exclude that period from the Speedy Trial computation." *Velasquez*, 52 F.4th at 136 (quoting § 3161(h)(7)(A) (first alteration in original)). "[B]y the time a district court rules on a defendant's motion to dismiss," it must put forth any findings "that an ends-of-justice continuance is proper" on the record. *Id.* at 138 (quoting *Zedner*, 547 U.S. at 506–07). And "it must be 'clear from the record that the court conducted the mandatory balancing contemporaneously with the granting of the continuance.'" *Id.* (quoting *United States v. Henry*, 538 F.3d 300, 304 (4th Cir. 2008)).

Rivers explains that his trial "is scheduled to commence on November 21, 2022, 438 days after the date of the indictment and more than three (3) years after the offense." (ECF No. 45, at 1.) Rivers asserts that, under 18 U.S.C. § 3161(h), the only excludable time periods "are the eighty-two (82) days between the joint motions for a continuance and the time period needed for the competency exam, 140 days from February 9, 2022[,] to June 27, 2022. This leaves 164 days of non-excludable time allowed by the Speedy Trial Act." (*Id.* at 3–4.)

But Rivers fails to account for the excludable time from other pretrial motions, including (1) the period from the government's October 28, 2021, motion in limine through the court's ruling on that motion on December 21, 2021, (ECF Nos. 12, 17); (2) the period from the defendant's June 28, 2022, motion to dismiss through the Court's ruling on that motion on August 16, 2022, (ECF Nos. 32, 39); and (3) the period from the government's October 4, 2022, motion in limine through the Court's ruling on that motion on November 8, 2022, (ECF Nos. 42, 49).[2] *See* 18 U.S.C. § 3161(h)(1)(D) (excluding "delay resulting from any pretrial motion, from

---

[2] Additionally, the period from the defendant's March 16, 2022, *pro se* motion for new counsel through the Court's ruling on that motion on May 25, 2022, (ECF Nos. 24, 25), falls within the 140-day period of excludable time discussed above.

5

the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion").

The Court also made three "ends-of-justice" findings that continued Rivers's trial. (*See* ECF Nos. 15, 31, 39.) On November 18, 2021, the Court granted the parties' joint motion to continue the trial. (ECF No. 15; *see also* ECF No. 14.) The parties had explained that it would "be difficult for the parties to adequately brief" one pending pretrial motion, especially since both the government and the defendant anticipated filing additional pretrial motions, "while also preparing for trial on December 21." (ECF No. 14.) In its November 18, 2021, Order, the Court reviewed the joint request, and it found "that the ends of justice served by setting a trial date beyond December 21, 2021, outweigh[ed] the best interest of the public and the defendant in a speedy trial." (ECF No. 15 (citing 18 U.S.C. § 3161(h)(7)(A), (B)(iv)). The Court scheduled a motions hearing to take place on the original trial date, and it ordered the parties to contact Chambers to reschedule the trial. Upon receiving notice of the parties' availability for the trial, the Court continued the trial set for December 21, 2021, to February 28, 2022.

Then, before the new trial date, on February 9, 2022, Rivers moved the Court for a hearing to determine his competency. (ECF No. 21.) The Court granted the defendant's motion and continued the trial generally pending the results of Rivers's evaluation and pursuant to 18 U.S.C. § 3161(h)(1)(A). (ECF No. 22.) Over the next four months, Rivers requested new counsel, (ECF No. 24), the Court excused Rivers's prior counsel, (ECF No. 25), the Court appointed Rivers's new counsel, (ECF No. 26), and the Court received the examining physician's report, (ECF No. 28.) Then, on June 24, 2022, the Court held a competency hearing and found Rivers competent to stand trial. (ECF No. 30.) At the competency hearing, Rivers declined to move for a trial outside of the Speedy Trial window. But because Rivers's new

counsel had joined the case only one month earlier, the Court found that Rivers's counsel needed more time to prepare Rivers's case, and "the ends of justice served by setting a trial date outside of the Speedy Trial window outweigh[ed] the best interest of the public and the defendant in a speedy trial." (ECF No. 31, at 2 (citing 18 U.S.C. § 3161(h)(7)(A), (B)(iv)).) The Court rescheduled the trial to begin on August 15, 2022.

Before the new trial date, on June 28, 2022, Rivers filed an untimely motion to dismiss the indictment. (ECF No. 32). The Court accepted Rivers's motion, found that "Rivers's new attorney, who never had the opportunity to file pretrial motions before the initial deadline passed, (ECF No. 9), expeditiously filed this motion after the Court found his client competent," and ruled that Rivers had failed to file this motion due to excusable neglect. (ECF No. 34, at 1.) The Court scheduled a hearing on this motion to take place on August 16, 2022. Pursuant to 18 U.S.C. § 3161(h)(1)(D), the Court continued the trial generally, explaining that it would "reschedule the trial, if appropriate, after ruling on the motion." (*Id.* at 2.) At the August 16, 2022, hearing, the Court denied Rivers's motion to dismiss. (ECF No. 40.) The parties represented that they would need additional time to prepare for trial, and Rivers indicated a "desire to subpoena multiple, out-of-state witnesses." (ECF No. 39, at 1 n.1.) The Court thus determined that the ends of justice served by setting a trial date beyond the Speedy Trial deadline outweighed the best interest of the public and the defendant in a speedy trial. (*Id.* (citing 18 U.S.C. § 3161(h)(7)(A).) Because the Court determined that its "failure to grant a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," the Court scheduled the trial for November 21, 2022. *See* 18 U.S.C. § 3161(h)(7)(A), (B)(iv). Against this background, the Court rejects Rivers's assertion that 18 U.S.C. § 3161

7

requires the Court to dismiss the indictment because zero days of non-excludable time elapsed between Rivers's initial appearance and the Court's disposition of both the government's and Rivers's motions on November 8, 2022.

Finally, Rivers asserts that his Sixth Amendment right to a speedy trial has been violated. Under the Sixth Amendment, once a defendant shows that his "arrest, [an] indictment, or other official accusation" triggers his right to a speedy trial, he must also show the following: "whether the delay before trial was uncommonly long, whether the government or the defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995) (quoting *Doggett v. United States*, 505 U.S. 647, 655 (1992)). "Depending on the nature of the charges, the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year." *Doggett*, 505 U.S. at 652 n.1.

The Court does not find that the continuances in this case caused an "uncommonly long" delay in Rivers's trial. *See Thomas*, 55 F.3d 144 (quoting *Doggett*, 505 U.S. at 647)). Moreover, over the past year, both Rivers and the government have moved for various forms of relief: both Rivers and the government moved for a continuance, (ECF No. 14), Rivers independently filed four motions, (ECF Nos. 21, 24, 32, 44), and the government independently filed five motions, (ECF Nos. 12, 27, 35, 42). Finally, Rivers contends that these continuances have prejudiced him only because he does not have the opportunity to cross-examine Andre Alexander. (ECF No. 45, at 4–5.) But, as discussed above, Rivers's prior counsel had the opportunity to—and did—cross-examine Alexander during Rivers's 2016 previous trial. (*See* Criminal Action No. 3:15cr164, Trial Tr. 167–95, May 10, 2016.) Thus, Rivers has failed to show that the delay in his trial

8

violates his Sixth Amendment right. Accordingly, the Court will deny Rivers's motion to dismiss the indictment. (ECF No. 44.)

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record and to the defendant.

Date: 12 December 2022
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge